MILLER NASH LLP
Phillip Allan Trajan Perez, Bar No. 234030
trajan.perez@millernash.com
340 Golden Shore, Ste 450
Long Beach, CA  90802
Telephone: 562.435.8002
Facsimile:  562.435.7967

Attorney for Defendants
ATLANTIC RICHFIELD COMPANY, THE ANACONDA COMPANY, ANACONDA WIRE AND CABLE COMPANY, and ANACONDA ELECTRONICS COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBS LINENS, INC., a California Corporation, and TMF Holdings, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BECKMAN INSTRUMENTS, INC., a California Corporation; SMITHKLINE CALIFORNIA CORPORATION, a California Corporation; SMITHKLINE CORPORATION, a Pennsylvania Corporation; BII DELAWARE, INC., a Delaware Corporation; BECKMAN INSTRUMENTS, INC., a Delaware Corporation; BECKMAN COULTER, INC., a Delaware Corporation; CALIFORNIA COMPUTER PRODUCTS, INC., a California Corporation; SANDERS ASSOCIATES, INC., a Delaware Corporation; LOCKHEED SANDERS, INC., a Delaware Corporation; LOCKHEED MARTIN CORPORATION, a Maryland Corporation; BAE SYSTEMS NORTH AMERICA INC., a Delaware Corporation; BAE SYSTEMS SANDERS, INC., a Delaware Corporation; BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION, INC., a | Case No.  8:23-cv-00367-DOC<br><br>**DEFENDANTS ATLANTIC RICHFIELD COMPANY, ANACONDA ELECTRONICS COMPANY, ANACONDA WIRE AND CABLE COMPANY, AND THE ANACONDA COMPANY'S REPLY IN SUPPORT OF MOTION TO PARTIALLY DISMISS [DKT 70]**<br><br>Date:     October 16, 2023<br>Time:    11:00 a.m.<br>Ctrm:    10A<br><br>Hon. David O. Carter |

| | |
|---|---|
| 1 | Delaware Corporation; ANACONDA ELECTRONICS COMPANY, a |
| 2 | Delaware Corporation; ANACONDA WIRE AND CABLE COMPANY, a |
| 3 | Delaware Corporation; THE ANACONDA COMPANY, a Montana |
| 4 | Corporation; ERICSSON, INC., a Delaware Corporation; ATLANTIC |
| 5 | RICHFIELD COMPANY, a Delaware Corporation; MULLER HOLDING |
| 6 | AND INVESTMENT CO., a business entity of unknown type; ESTATE OF |
| 7 | WALTER MULLER, on behalf of FRANK MULLER (deceased); |
| 8 | ESTATE OF MARGARET MULLER, on behalf of MARGARET MULLER |
| 9 | (deceased); ESTATE OF FRANK MULLER, on behalf of FRANK |
| 10 | MULLER (deceased); MULLER ENTERPRISES, a business entity of |
| 11 | unknown type; ESTATE OF GEORGE E. COULT, on behalf of GEORGE E. |
| 12 | COULT (deceased); MARLENE J. COULT; RUSS E. HATLE, an |
| 13 | Individual; LORRAINE LOUISE HATLE, an Individual; ESTATE OF |
| 14 | ALFRED B. LIPPITT, on behalf of ALFRED B. LIPPITT (deceased); |
| 15 | ROSALYN M LIPPITT, an Individual; MULLER PROPERTIES, a business |
| 16 | entity of unknown type; BEAUJAY CORPORATION, a California |
| 17 | Corporation; ESTATE OF BERNARD M. SHAPIRO, on behalf of |
| 18 | BERNARD M. SHAPIRO (deceased); ESTATE OF IRIS C. SHAPIRO, on |
| 19 | behalf of IRIS C. SHAPIRO (deceased); and, DOES 1-10, |
| 20 | Defendants. |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................7

II. ARGUMENT ......................................................................................................8

   A. RCRA does not allow the Plaintiffs, responsible parties for the contamination at the Site, to shift their obligations under the DTSC Order to the Moving Defendants...................................................................................8

      1. RCRA does not allow one responsible party to shift its obligations under an agency order to another allegedly responsible party through injunctive relief. ....................................................................................9

      2. *Interfaith* does not support Plaintiffs' attempt to reinvent RCRA or to distinguish the cases showing the fallacy of their position. ...............10

      3. RCRA does not allow for injunctive relief based on the possibility of an unspecified and speculative future event............................................12

   B. The HSSA claim is barred under the three-year statute of limitations.........13

      1. *Otay Land* governs the question of the applicable statute of limitations. ....................................................................................................13

      2. The continuing nuisance and trespass doctrines do not apply here. ........15

   C. The equitable indemnity claim fails because the HSSA claim and the VCA is not a settlement that gives rise to an indemnity claim. ...........................16

III. CONCLUSION................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*87th St. Owners Corp. v. Carnegie Hill-87th St. Corp.*,
    251 F. Supp. 2d 1215 (S.D.N.Y. 2002) .......................................................... 10, 12

*Ameron Internat. Corp. v. Insurance Co. of State of Pennsylvania*,
    50 Cal. 4th 1370 (2010) ........................................................................................ 14

*Blackwood v. N&M Dairy*,
    No. EDCV1400395JGBSPX, 2014 WL 12961102, *8 (C.D. Cal.
    Aug. 28, 2014) ...................................................................................................... 11

*Bozzio v. EMI Grp. Ltd.*,
    811 F.3d 1144 (9th Cir. 2016) ............................................................................... 13

*Cal. Dep't of Toxic Substances Control v. NL Indus.*,
    2023 U.S. Dist. LEXIS 147715 157-167 (Cal. C.D. Aug. 18, 2023) ................. 14

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin.
    Corp.*,
    878 F. Supp. 2d 1009 (C.D. Cal. 2011) ................................................................ 13

*Clean Harbors, Inc. v. CBS Corp.*,
    875 F. Supp. 2d 1311 (D. Kan. 2012) ................................................................... 10

*Coppola v. Smith*,
    935 F. Supp. 2d 993 (E.D. Cal. 2013) .................................................................. 14

*ERE Ventures, LLC v. David Evans and Assoc.*,
    2018 U.S. Dist. LEXIS 239658 (C.D. Cal. Feb. 9, 2018) .................................... 14

*Flour Corp., Occidental Research Corp., W. Coast Home Builders,
    Inc. v. Aventis Cropscience USA Inc.*,
    No. C 04-2225 SI, 2009 WL 2612380 (N.D. Cal. Aug. 21, 2009) ..................... 11

*Golden Gate Way, LLC v. Enercon Servs., Inc.*,
    572 F. Supp. 3d 797 (N.D. Cal. 2021) .................................................................. 14

*Hamilton v. Asbestos Corp.*,
  22 Cal. 4th 1127 (2000) .................................................................................. 8

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
  571 U.S. 99 (2013) ........................................................................................ 8

*Interfaith Community Org. v. Honeywell Int'l,
  Inc.*, 399 F.3d 248 (3d Cir. 2005) ...................................................... 7, 9, 10, 11

*Kitsigianis Properties LLC v. Stanton Sales Corp.*,
  No. 819CV01662JLSJDE, 2020 WL 13302270 (C.D. Cal. July 20,
  2020) (*Kitsigianis II*) ................................................................................... 11

*Mangini v. Aerojet-Gen. Corp.*,
  12 Cal. 4th 1087 (1996) ................................................................................ 15

*Meghrig v. KFC W., Inc.*,
  516 U.S. 479 (1996) ..................................................................................... 10

*Otay Land Co., LLC v. U.E. Ltd., L.P.*,
  15 Cal. App. 5th 806 (2017) ........................................................... 8, 13, 14, 15

*Rococo Associates, Inc. v. Award Packaging Corp.*,
  803 F. Supp. 2d 184 (E.D.N.Y. 2011) ......................................................... 10, 12

*Rogers Enterprises, Inc. v. Hitachi Sols. Am., Ltd.*,
  No. SACV21913PSGJDEX, 2022 WL 1410000 (C.D. Cal. Jan. 18,
  2022) ........................................................................................................... 9

*Trinity Indus., Inc. v. Chicago Bridge & Iron Co.*,
  735 F.3d 131 (3d Cir. 2013) .................................................................. 10, 11, 12

*Tyco Thermal Controls LLC v. Rowe Indus., Inc.*,
  No. 5:10-CV-01606 JF PVT, 2010 WL 4056007 (N.D. Cal. Oct.
  15, 2010) ....................................................................................................... 9

**Statutes**

42 U.S.C. § 9613(g)(2) ........................................................................................ 15

Cal. Civ. Proc. Code § 343 ................................................................................. 14

Cal. Health & Safety Code § 25323.5(a)(1) ......................................................... 15

| | |
|---|---|
| Cal. Health & Safety Code § 25363(d) | 15 |
| Cal. Health and Safety Code § 25312 | 14 |
| Cal. Health and Safety Code § 25360.4 | 14, 15 |
| Cal. Health and Safety Code § 25360.4(a) | 14, 15 |
| Carpenter-Presley-Tanner Hazardous Substances Account Act | 7, 13, 15 |
| Resource Conservation and Recovery Act | *passim* |

Defendants Atlantic Richfield Company ("ARC"), The Anaconda Company ("Anaconda"), Anaconda Wire and Cable Company ("AWC"), and Anaconda Electronics Company ("AEC") (collectively, "Moving Defendants") submit this reply to Plaintiffs' opposition to the Moving Defendants' partial motion to dismiss their claims under the Resource Conservation and Recovery Act ("RCRA") (second claim), the Carpenter-Presley-Tanner Hazardous Substances Account Act ("HSAA") (third claim), and for equitable indemnity (eighth claim) (the "Partial Motion").

## I.   INTRODUCTION

Plaintiffs' Opposition collectively responds to three motions to dismiss. Although Plaintiffs suggest that their Opposition addresses each of the three motions, the Opposition focuses largely on the motion filed by the Beckman Defendants. Nevertheless, some of the Opposition's RCRA, HSSA, and equitable indemnity arguments also apply to the Partial Motion. This reply addresses those arguments—all of which are insufficient to overcome the Partial Motion.[1]

*First*, Plaintiffs attempt to reinvent RCRA to allow them to obtain an injunction to shift their obligations to address the alleged imminent and substantial endangerment at the Site under the DTSC Order to the Moving Defendants. To support this reinvention, they cite *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248 (3d Cir. 2005). However, Plaintiffs' reinvention fails because RCRA does not allow for one responsible party to shift its responsibility under an agency order to another party it claims is also responsible. Nothing in *Interfaith* holds otherwise. Plaintiffs also suggest they can maintain their RCRA claim because they "may" at some unknown point in the future lack the financial resources to perform the actions ordered by the DTSC Order to address the unknown and

---

[1] To the extent the Court concludes other arguments in the Opposition apply the Moving Defendants, including the RCRA arguments that appear directed to Beckman, the Moving Defendants join the Beckman's and Ericsson's replies.

"undetermined extent of the contamination" at the Site. But that argument also fails because the mere possibility or speculation of financial inability to pay at some unknown point in the future is not enough to allege a RCRA claim.

*Second*, Plaintiffs urge this Court to reject *Otay Land Co., LLC v. U.E. Ltd., L.P.*, 15 Cal. App. 5th 806 (2017), a California appellate case applying the three-year statute of limitations to an HSSA claim, in order to apply CERCLA's six-year statute of limitations to their HSSA claim.[2] But if *Otay Land* does govern, Plaintiffs argue, the continuing nuisance and trespass doctrines save their claim. Plaintiffs err on both fronts. Under binding precedent, federal courts must apply a state statute of limitations to a state-law claim. *Otay Land* thus settles the dispute. Under *Otay Land,* the three-year statute of limitations bars Plaintiffs' HSSA claim. Alternatively, California's four-year catch-all statute of limitations similarly bars the HSSA claim. Moreover, given that the limitation trigger is the payment of response costs, not the injury to the Site, the continuing nuisance and trespass doctrines do not apply.

*Finally*, Plaintiffs argue their equitable indemnity claim survives because the HSSA claim survives and the Voluntary Cleanup Agreement ("VCA") with DTSC, which they claim is a "settlement," gives rise to an indemnity claim. But the HSSA claim fails and the VCA is merely an agreement to perform remediation, not a settlement. The Moving Defendants thus respectfully request that the Court dismiss Plaintiffs' RCRA, HSSA, and equitable indemnity claims.

## II.  ARGUMENT

**A. RCRA does not allow the Plaintiffs, responsible parties for the**

---

[2] Plaintiffs allege their HSSA claim is viable under CERCLA's three-year statute of limitations for removal actions or six-year statute of limitations for remedial actions, but the three-year limitation period is clearly not applicable because, if such period is applied, that HSSA claim "has not even begun to accrue." (Opp. at 24-27). Until a claim accrues, no suit can be commenced or maintained. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013); *Hamilton v. Asbestos Corp.*, 22 Cal. 4th 1127, 1144, (2000).

**contamination at the Site, to shift their obligations under the DTSC Order to the Moving Defendants.**

Plaintiffs raise a series of misguided arguments in a quest to reinvent RCRA, circumvent applicable case law, and salvage their unviable RCRA claim. Plaintiffs first argue they "have the right to ask this Court through its RCRA suit to direct Defendants" to "do the work required [by the DTSC Order] to investigate and remediate their wastes." (Opp. 11-12, 19). Plaintiffs claim *Interfaith* supports their proposition while trying to distinguish the four district court cases that show the fallacy of their position. (Opp. 12). Plaintiffs end by claiming they can maintain their RCRA claim because their admittedly unknown costs to address the unknown and "undetermined" contamination "may" be beyond their financial resources. (Opp. at 14, 19). None of these claims overcome the Partial Motion.[3]

        1. <u>RCRA does not allow one responsible party to shift its obligations under an agency order to another allegedly responsible party through injunctive relief.</u>

Plaintiffs, who are "responsible part[ies] or liable person[s]" for the alleged endangerment at the Site (SAC Ex. A ¶ 2.1), cannot use RCRA to shift the cost or efforts of addressing the endangerment under the DTSC Order to other potentially responsible parties, like the Moving Defendants, because RCRA focuses on "minimiz[ing] the present and future threat to human health and the environment"

---

[3] Plaintiffs do not dispute, and thus concede, that they cannot recover future response costs under RCRA. *See Rogers Enterprises, Inc. v. Hitachi Sols. Am., Ltd.*, No. SACV21913PSGJDEX, 2022 WL 1410000, at *11 (C.D. Cal. Jan. 18, 2022). Plaintiffs contend that they can recover the costs they recover the costs incurred between the time they filed their notice of intent to sue the Moving Defendants and trial. (Opp. at 22-23). At best, however, the ability to recover these "past" or present costs begins at the time of filing his claim, not the notice, and do not cover costs to operate the SSD system and other remedial efforts. *See Tyco Thermal Controls LLC v. Rowe Indus., Inc.*, No. 5:10-CV-01606 JF PVT, 2010 WL 4056007, at *2 (N.D. Cal. Oct. 15, 2010)

and not on the allocation of costs or efforts. *See Meghrig v. KFC W., Inc.,* 516 U.S. 479, 483 (1996); *Clean Harbors, Inc. v. CBS Corp.,* 875 F. Supp. 2d 1311, 1332 (D. Kan. 2012) ("As in other purported RCRA cases, it seems this case is about the cost of cleaning up the facility, as opposed to preventing endangerment to human health or the environment. . . . Issuing a RCRA injunction to remediate a site that already must be, and is being, remediated would serve no purpose." (quotation omitted)); *87th St. Owners Corp. v. Carnegie Hill-87th St. Corp.*, 251 F. Supp. 2d 1215, 1222 (S.D.N.Y. 2002) (rejecting RCRA injunction because the "relief suggested is not about improving or eliminating any hazard that might continue to exist at the site, but about determining responsibility, both financial and operational, for the measures, already in place, that appear to be accomplishing all that can be accomplished toward that goal").

In other words, allegations, such as Plaintiffs' allegations here, that the regulatory agency has failed to require other responsible parties to address an alleged imminent and substantial endangerment are insufficient to state a claim under § 7002(a)(1)(B) once investigative and response actions, such as those Plaintiffs have conducted and DTSC has ordered, have begun at the Site. *See, e.g., Trinity Indus., Inc. v. Chicago Bridge & Iron Co.*, 735 F.3d 131, 139-40 (3d Cir. 2013); *Rococo Associates, Inc. v. Award Packaging Corp.*, 803 F. Supp. 2d 184, 191-92 (E.D.N.Y. 2011); *87th St.*, 251 F. Supp. 2d at 1222.

        2. <u>*Interfaith* does not support Plaintiffs' attempt to reinvent RCRA or to distinguish the cases showing the fallacy of their position.</u>

*Interfaith* does not stand for the proposition, as Plaintiffs suggest, that RCRA can be used to enjoin the Moving Defendants to take the actions DTSC has ordered Plaintiffs to take. In *Interfaith,* the Third Circuit affirmed a RCRA injunction because, among other reasons, of the defendant's "dilatory tactics and NJDEP's inability to deal effectively with those tactics" delayed the implementation of the

permeant remedy for over 20 years and there was "strong doubt as to whether there [was] a [regulatory] process to override" in relation to the contaminated site. 399 F.3d at 265, 267. None of these issues are present in this case.

There are also several notable distinctions between *Interfaith* and this case: (i) there was no attempt in *Interfaith* to shift the obligations under the applicable order from one responsible party to another potentially responsible party (as Plaintiffs attempt to do here), *see generally id.*; (ii) the defendant in *Interfaith* alleged an alternative solution to the contamination than the one proposed by the regulatory agency (Plaintiffs here make no such allegation ), *id* at 264; and (iii) because the defendant was ordered to act and failed to do it, no party was actively addressing the endangerment (Plaintiffs here are addressing the alleged endangerment), *id.* at 253, 265. Thus, *Interfaith*[4] does not support Plaintiffs' attempts to reinvent RCRA.

Plaintiffs then attempt to distinguish *Flour Corp., Occidental Research Corp., W. Coast Home Builders, Inc. v. Aventis Cropscience USA Inc.*, No. C 04-2225 SI, 2009 WL 2612380 (N.D. Cal. Aug. 21, 2009), and *Kitsigianis Properties LLC v. Stanton Sales Corp.*, No. 819CV01662JLSJDE, 2020 WL 13302270 (C.D. Cal. July 20, 2020) (*Kitsigianis II*) from this case by arguing those cases do not apply here because the regulatory agency in those cases directed the defendant (not plaintiff) to take action to address the alleged imminent and substantial endangerment. (Opp. at 12-13). Plaintiffs add that because the Moving Defendants did not identify a single case "where a RCRA citizen suit was dismissed by a federal district court when the named defendant was actually not being directed by a supervising regulatory agency to do anything at the site," no such "case[] in fact exist[s]." (Opp. at 13).

Contrary to Plaintiffs' assertion, the Moving Defendants have cited to such a case. In *Trinity* (*see* Partial Mot. at 9)*,* Trinity Industries, Inc. ("Trinity"), the

---

[4] Plaintiffs' citations to *Blackwood v. N&M Dairy* either quotes from *Interfaith* or a parenthetical in the *Blackwood* opinion describing *Interfaith*. No. EDCV1400395JGBSPX, 2014 WL 12961102, *8 (C.D. Cal. Aug. 28, 2014).

plaintiff, sued Chicago Bridge & Iron, Co. ("CBI"), the defendant and prior owner of the property, under RCRA for "injunctive relief ordering CB[I]'s participation in the remediation" that Trinity was conducting pursuant to a consent order with the regulatory agency. *Id.* at 133-34. The Third Circuit affirmed the district court's rejection of the RCRA claim and held that an "injunction is unavailable to Trinity because the Consent Order already compels Trinity to institute remediation measures" and Trinity "has not contended that the remediation scheme put in place by the Consent Order is deficient or ineffective." *Id.* at 139-40. Simply put, "because the Consent Order required Trinity to remediate all contamination at the South Plant, an injunction directing CBI to engage in the cleanup is not warranted." *Id.* at 139 (internal quotations omitted).

Other cases similarly undermine Plaintiffs' position. *See, e.g., Rococo,* 803 F. Supp. 2d at 191-92 (rejecting RCRA claim because plaintiff sought to require defendants to take over the investigation and remediation of the property that plaintiffs was already conducting under the supervision of the regulatory agency); *87th St.*, 251 F. Supp. 2d at 1221-22 (rejecting RCRA claim because the regulatory agency was already addressing the contamination plaintiff sought to require the defendant to address).

### 3. RCRA does not allow for injunctive relief based on the possibility of an unspecified and speculative future event.

Plaintiffs' claim they have a viable RCRA claim because they "may" at some unknown point in the future lack the financial resources to perform the actions ordered by the DTSC Order to address the unknown and "undetermined extent of the contamination" at the Site. (Opp. at 13-14, 19). Yet, the mere possibility and speculation that Plaintiffs *may* at some unspecified point in time in the future lack the funds to take the ordered actions is insufficient to state a RCRA claim. *See 87th St.*, 251 F. Supp. 2d at 1221 (rejecting RCRA claim, in part, because "the relief being

requested is not something that is necessary now, but something that might speculatively be necessary at an unpredictable future point"). The Moving Defendants respectfully request that the Court dismiss Plaintiffs' RCRA claim.

### B. The HSSA claim is barred under the three-year statute of limitations.

Plaintiffs argue their HSSA claim should not be dismissed under two unfounded theories. Plaintiffs first urge this Court to reject *Otay Land* in favor of CERCLA's six-year statute of limitation. (Opp. at 24-26). If *Otay Land's* three-year limitations period applies, Plaintiffs add, the continuing nuisance and trespass doctrines save their HSSA claim. (*Id.* at 26-27). Both claims miss their mark.[5]

#### 1. *Otay Land* governs the question of the applicable statute of limitations.

Plaintiffs ask this Court to import federal law (*i.e.*, CERCLA's six-year statute of limitations) into a pure question of state law (*i.e.*, HSSA's statute of limitations). In doing so, Plaintiffs' claim *Otay Land* "has limited precedential value" because it is not a "Federal District decision." (Opp. at 24). That is incorrect—"[f]ederal courts addressing state law claims *must* apply state law statutes of limitation[.]" *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1015 (C.D. Cal. 2011) (emphasis added). If the state's highest court has not addressed the issue, courts look to "decisions by intermediate appellate courts of the state." *Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1151 (9th Cir. 2016).

*Otay Land* settles the dispute over the applicable statute of limitations by expressly applying the three-year statute of limitations to the HSSA claim. 15 Cal. App. 5th at 851 (explaining "the three-year statute of limitations . . . for action[s] for trespass upon or injury to real property applie[s] to Plaintiffs' HSAA claim." (cleaned up)). The Court should adhere to *Otay Land*. *See Bozzio*, 811 F.3d at 1151 (holding

---

[5] Plaintiffs do not dispute, and thus concede, that they cannot recover attorneys' fees or seek contribution or declaratory relief under the HSSA.

1 the district court erred by failing to follow a California appellate decision when the California Supreme Court had not yet decided the question at issue). Alternatively, Plaintiffs' HSSA claim is barred by California's four-year catch-all statute of limitations.[6] Cal. Civ. Proc. Code § 343.

Plaintiffs cite a litany of district court cases to support their baseless request for this Court to ignore *Otay Land* in favor of CERCLA. (Opp. at 25). Yet, none of the cases cited by the Plaintiffs even remotely suggest that CERCLA's statute of limitations applies to a HSSA claim. *See Golden Gate Way, LLC v. Enercon Servs., Inc.*, 572 F. Supp. 3d 797, 814 (N.D. Cal. 2021) (failing to address the HSSA statute of limitations and allowing a contractual provision to apply to a HSSA claim because no authority suggested such a provision did not apply); *Ameron Internat. Corp. v. Insurance Co. of State of Pennsylvania*, 50 Cal. 4th 1370, 1375, 1379 (2010) (stating in dicta that the HSSA is California's version of CERCLA as part of a discussion regarding what constitutes a "suit" under an insurance policy and failing to address the HSSA statute of limitations); *ERE Ventures, LLC v. David Evans and Assoc.*, 2018 U.S. Dist. LEXIS 239658, at *15 (C.D. Cal. Feb. 9, 2018) (failing to address the HSSA statute of limitations and holding that because certain parties are not liable parties under CERCLA, they are also not liable parties under the HSSA); *Coppola v. Smith*, 935 F. Supp. 2d 993, 1010-12, 1030-32 (E.D. Cal. 2013) (dismissing the HSSA claim because CERCLA liability had not been adequately plead and discussing CERCLA statute of limitation without reference or application to the HSSA); *Cal. Dep't of Toxic Substances Control v. NL Indus.*, 2023 U.S. Dist. LEXIS 147715 157-167 (Cal. C.D. Aug. 18, 2023) (explaining that, under Cal. Health and Safety Code § 25360.4,[7] the statute of limitations for an HSSA claim brought by the

---

[6] Plaintiffs do not dispute or address the application of the four-year statute of limitations, thereby conceding its application here.

[7] Section 25360.4 applies only to the DTSC or "a regional board." *See* Cal. Health and Safety Code §§ 25360.4(a), 25312.

DTSC begins to run upon the certification of the removal or remedial action and failing to address the statute of limitations for a private party).

Moreover, although the HSSA does incorporate by reference several portions of CERCLA, *see, e.g.,* Cal. Health & Safety Code § 25323.5(a)(1) ("'Responsible party' or 'liable person' . . . means those persons described in Section 107(a) of [CERCLA]"), CERCLA's limitation periods are not among them. For example, the HSSA has no statute of limitations for claims by private parties, such as Plaintiffs claim here, but it does have a statute of limitation for when DTSC pursues a HSSA claim. *See* Cal. Health and Safety Code § 25360.4. Unlike CERCLA's statute of limitations that depend on whether the costs incurred were for a removal or remedial action, the HSSA's limitation period for a claim brought by DTSC makes no such distinction and is premised on the certification by DTSC or a regional water board that all response actions have been completed. *Compare* 42 U.S.C. § 9613(g)(2) and Cal. Health and Safety Code § 25360.4(a). This difference further suggests that the California legislature expressly chose to deviate from CERCLA's statute of limitations for HSSA claims.

      2. <u>The continuing nuisance and trespass doctrines do not apply here.</u>

Plaintiffs seek to salvage their HSSA claim by asserting they can recover costs within three years of the filing of their original complaint based on the continuing nuisance and trespass doctrines. (Opp. at 26-27). Those doctrines, however, only apply to causes of action in which the date of the injury sets the date of accrual. *See Mangini v. Aerojet-Gen. Corp.*, 12 Cal. 4th 1087, 1093-94 (1996). Unlike nuisance and trespass, where the accrual date is based on the date of injury, the HSSA's accrual date is the date "a person incurred response or corrective action costs." Cal. Health & Safety Code § 25363(d); *see Otay Land,* 15 Cal. App. 5th at 851 ("Plaintiffs could not establish all elements of their HSAA claim, and that claim could not accrue, at least until they incurred removal or remedial action costs."). As such, the continuing

nuisance and trespass doctrines do not apply to HSSA claims. The Moving Defendants respectfully request that the Court dismiss Plaintiffs' HSSA claim.

### C. The equitable indemnity claim fails because the HSSA claim and the VCA is not a settlement that gives rise to an indemnity claim.

Plaintiffs argue their equitable indemnity claim should not be dismissed because the HSSA claim "cannot be barred" and the VCA is a settlement that triggers an equitable indemnity claim. (Opp. at 29). As to the former, there is no viable HSSA claim, as detailed above. Thus, the equitable indemnity claim, which is a HSSA indemnity claim, also fails. As to the latter, the VCA (*i.e.*, Voluntary Cleanup Agreement) is, as the name suggests, an agreement, not a settlement. (Moving Defendants RJN Ex. 2).[8] The VCA expressly notes that "[n]othing in this Agreement shall constitute or be considered a covenant not to sue, release or satisfaction from liability by DTSC for any condition or claim arising as a result of [Plaintiffs'] past, current, or future operations or ownership of the Site." (*Id.* Ex. 2 at ¶ 22). In other words, the VCA did not resolve or settle anything. The Moving Defendants respectfully request that the Court dismiss Plaintiffs' equitable indemnity claim.

## III. CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court dismiss with prejudice Plaintiffs' RCRA, HSSA, and equitable indemnity claims for failing to state a claim for which relief can be granted under Rule 12(b)(6).

---

[8] Plaintiffs claim the RJN is moot. (Opp. at 19 n.1). The RJN is not moot because all the documents in the RJN continue to support the Moving Defendants' Partial Motion. And, as shown by the Plaintiffs' reference to the VCA, they also rely on documents contained in the RJN. (*See* Opp. at 29).

| | | |
|---|---|---|
| Dated: October 2, 2023 | | MILLER NASH LLP |
| | | By: */s/ Phillip Allan Trajan Perez* |
| | | Phillip Allan Trajan Perez |
| | | Attorney for Defendants ATLANTIC RICHFIELD COMPANY, THE ANACONDA COMPANY, ANACONDA WIRE AND CABLE COMPANY, and ANACONDA ELECTRONICS COMPANY |

**L.R. 11-6.2 Certificate of Compliance**

The undersigned counsel of record for Defendants Atlantic Richfield Company, The Anaconda Company, Anaconda Wire and Cable Company, and Anaconda Electronics Company, certifies that this brief contains 3,346 words, which complies with the word limit of L.R. 11-6.1.

| | | |
|---|---|---|
| Dated: October 2, 2023 | | MILLER NASH LLP |
| | | By: */s/ Phillip Allan Trajan Perez* |
| | | Phillip Allan Trajan Perez |
| | | Attorney for Defendants ATLANTIC RICHFIELD COMPANY, THE ANACONDA COMPANY, ANACONDA WIRE AND CABLE COMPANY, and ANACONDA ELECTRONICS COMPANY |